446

[Crim. No. 1890. First Appellate District, Division Two.—June 4, 1936.]

THE PEOPLE, Respondent, v. ANNA J. MUNRO, Appellant.

Frank W. Creely and J. Raegan Talbot for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—Defendant was convicted on an information charging grand theft. On her appeal from the judgment and from the order denying a new trial she raises two points —the sufficiency of the evidence and the ruling on the offer in evidence of the books of account prepared by herself.

■ For many years prior to 1933 the appellant was secretary of the San Francisco local of the Laundry Workers' Union. In 1933 she was elected treasurer. In August, 1933, she was elected secretary-treasurer of the International Laundry Workers' Union, but did not relinquish her position with the local union. In May, 1934, she withheld from the receipts of the local union $673.52 which she endeavored to cover by drawing checks on the account of the local in favor of the international which, after her endorsement, she deposited to the account of the local. The only conflict in the evidence is in the testimony of the appellant that she took the money from the local union to pay assessments due the international. This story was negatived by the evidence demonstrating that the money did not go to the international and by the inherent improbability of the weird account of these "wash transactions" made by the appellant.

■ There was no error in the ruling refusing to admit in evidence the books of the international. Appellant states that these books would show that the dues of the local union were paid to the international. The ruling was made upon the ground that the entries were made by appellant and were self-serving. The ruling was based upon *People* v. *Hemple,* 4 Cal. App. 120, 127 [87 Pac. 227], and was correct. It was also harmless because the appellant testified as a witness to all that she had sought to prove by the books.

The judgment and order are both affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 2, 1936. Nourse, J., *pro tem.,* being disqualified, did not participate therein.